Stanaed, J.
Notwithstanding I dissented from the majority of the court that decided the case of Blessing’s adm’rs v. Beatty, and still retain the opinion I formed of that case, I entirely concur in the opinion of my brother Allen on the main question in this case, respecting the right of the purchaser to an abatement from the purchase money for the deficiency of the land. In this *458 case the proof is satisfactory that the sale was by the acre, and not in gross. I think it a sound general rule, that where the purchase money of a tract of land is a multiple of the number of acres specified as the contenls 0f tract, at a rate per acre in pounds, shillings and pence, or dollars and cents, corresponding with coins in use, or not being fractional, the just implication is, that the purchase money is ascertained by the multiplication of a rate per acre by the number of acres specified, and that the sale and purchase is by the acre; and in such a case the purchaser is entitled to an abatement for a deficiency, and is chargeable for the excess, unless such implication be controlled by express stipulation, or other satisfactory evidence ascertaining that such was not the real contract. This case furnishes this ground of implication, and much to strengthen, and nothing to impair or control it. On the contrary, where a tract of land by given metes and bounds, the contents or supposed contents of which are specified, is sold fora gross sum, not a multiple of the specified number of acres, but which would make a fractional rate per acre, not corresponding with any coins in use, or aggregations thereof, the just implication is, that the sale is by the tract in gross, and the specification of the number of acres but descriptive of the tract; and in such case the purchaser is entitled to the land comprehended within the designated metes and bounds, without right to abatement if the quantity be less than that specified, and without liability if it be greater. Such, I thought, was the nature of the sale in the case of Blessing's adm'rs v. Beatty, furnishing an ample foundation for the implication' that the sale was in gross, and consequently that the purchaser was only entitled to have the land within the specified metes and bounds, and getting that, was not entitled to recover for the deficiency of quantity, and would not have been responsible had there been an excess. I thought there was nothing in the case to con *459 trol that implication, but much to reinforce it, and require the application of the general rule I have before indicated.
I do not concur in that part of the opinion which respects the necessity of making the representatives of Jones parties. The claim is for money jointly paid, or paid on joint account, upon a joint contract with M'Daniel and Jones, the consideration of which has failed. While Jones lived, it was a joint demand of himself and M'Daniel on the vendors, for money, and for money only. That demand, and the right at law to sue for it, survived to M’Daniel. It may be, that on adjusting the account of the joint purchase between the joint purchasers, they would be entitled to the amount of this demand in moieties, or in unequal shares, or one of them be entitled to the whole. But in this the vendors liable to the demand have no interest. They are discharged by accounting to the survivor, to whom the legal right to this joint pecuniary demand has survived. The only plausible reason for requiring that Jones's representatives should be parties would be, that the rights of the joint purchasers in the money that may be recovered should be adjusted, and their respective shares thereof decreed. Now this could not be done without involving in this case a settlement between the joint purchasers. In this settlement the vendors have no interest. On the one hand, this absence of interest precludes the parties liable to the demand from the right to require Jones's representatives to be made parties. On the other hand, I apprehend, those parties might justly object that the case should be incumbered with such an account, or that it and they should be retained in court until that account might be adjusted.
The decree of the court of appeals declared, that there was no error in the decree of the circuit court in allowing for the deficiency of quantity of the land, and in *460 perpetuating' the injunction; but that the said decree was erroneous in proceeding to decree in the cause before the representatives of Richard Jones were made parties, and also in decreeing against the appellants for the sum of 292 dollars 50 cents, the amount overpaid by, the purchasers of the land for the quantity actually conveyed : therefore it was decreed and ordered, that the said decree, so far as the same is above declared to be erroneous, be reversed and annulled, and that the residue thereof be affirmed, with costs to the appellants. And the cause was remanded to the circuit court, with instructions to make the proper parties, and to be further proceeded in pursuant to the principles of the foregoing opinion and decree.